UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Elizabeth T. Foster, Attorney at Law, LLC
22 E. Quackenbush Ave.
Dumont, NJ 07628
201 290 5761
201 215 9574 (fax)
liztlaw@gmail.com
*Attorney for Plaintiff*

---------------------------------------------------------------x
CHRISTOPHER E. BROWN,
an individual,

    Plaintiff,
v.                                                                 Civ. No.:

CLIFTON LIFESTYLE CENTER, LLC,
a Delaware Limited Liability Company,

    Defendant.
---------------------------------------------------------------x

## COMPLAINT

Plaintiff, CHRISTOPHER E. BROWN, through his undersigned counsel, hereby files this Complaint and sues CLIFTON LIFESTYLE CENTER, LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Newark District of New Jersey.

3. Plaintiff is a qualified individual with a disability under the ADA. MR. BROWN

suffers from Arthrogryposis, which causes him to be confined to a wheelchair. The condition also causes atrophy in his arms, hands, shoulders and elbows, which makes it extremely difficult to reach for, grip and manipulate objects.

4. Due to his disability, Plaintiff is substantially impaired in several major life activities and requires a wheelchair for mobility.

5. Defendant, CLIFTON LIFESTYLE CENTER, LLC, a Delaware Limited Liability Company, (hereinafter referred to as "Defendant"), is registered to do business in the State of New Jersey. Upon information and belief, Defendant is the owner and operator of the real property and improvements which are the subject of this action, to wit: "The Promenade Shops" or the "Property," a shopping center, generally located at 850 Route 3, Clifton, New Jersey 07012.

6. All events giving rise to this lawsuit occurred in the Passaic County of New Jersey.

<strong><u>COUNT I</u></strong><br/><strong><u>(VIOLATION OF TITLE III OF THE ADA)</u></strong>

7. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

8. The Property, a shopping center, is open to the public and provides goods and services to the public.

9. While at the property, MR. BROWN experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed herein.

10. MR. BROWN continues to desire to visit the Property, but fears that he will again encounter serious difficulty due to the barriers discussed herein, which still exist.

11. MR. BROWN plans to and will visit the Property in the near future to utilize the goods and services offered thereon.

12. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against the Plaintiff due to Defendant's failure to provide and/or correct the following barriers to access which were personally observed, encountered and which hindered Plaintiff's access:

    A. Plaintiff encountered and experienced inaccessible parking due to lack of signage and excessive slopes;

    B. Plaintiff encountered and experienced inaccessible curb ramps at Mighty Quinn's, Charming Charlie's, LA Fitness, Stew Leonard's, and Beauty Plus Salon due to lack of level landing at tops of ramps and excessively steep side flares;

    C. Plaintiff experienced inaccessible curb ramps due to ramps extending into vehicular traffic, and excessively steep slopes, lack of compliant landings at top of ramps, and a failure to provide smooth transitions; and

    D. Plaintiff encountered and experienced inaccessible routes from parking areas to entrances due to excessive lips and broken pavement.

13. Upon information and belief, there are other current violations of the ADA and the ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

14. Defendant either does not have a policy to assist people with disabilities or refuses to enforce such a policy if it does exist.

15. Independent of his intent to return as a patron to the Property, Plaintiff

additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned, leased, leased to and/or operated by Defendant is in violation of the ADA;

B. That the Court enters an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enters an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That the Court awards reasonable attorneys' fees, costs (including expert

fees), and other expenses of suit, to the Plaintiff; and

E. That the Court awards such other and further relief as it deems necessary, just and proper.

Dated: March 14, 2018

        Respectfully submitted,


        By: */s/ Elizabeth T. Foster*
        Elizabeth T. Foster, Esq.
        Elizabeth T. Foster, Attorney at Law, LLC
        22 E. Quackenbush Ave.
        Dumont, NJ 07628
        201 290 5761
        201 215 9574 (fax)
        Liztlaw@gmail.com

        *Attorney for Plaintiff*